IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SAMAR AKINS, | ) | 4:14CV3204 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DORY MORE MARTINEZ, SAM I. | ) | |
| COOPER, County Attorney, | ) | |
| JESSICA MURPHY, Deputy County | ) | |
| Attorney, STATE OF NEBRASKA, | ) | |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, MARSHA C., | ) | |
| Department of Health and Human | ) | |
| Services, DEPARTMENT OF | ) | |
| MOTOR VEHICLES, and | ) | |
| DISTRICT JUDGE STACY, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Samar Akins filed his Complaint in this matter on October 8, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. BACKGROUND

Plaintiff sued two state agencies in this matter, the Nebraska Department of Health and Human Services and the Nebraska Department of Motor Vehicles. He also sued Dory Martinez ("D.M."), who is the mother of his children, and District Judge Stephanie Stacy, who presided over custody proceedings between Plaintiff and D.M. Plaintiff alleged D.M. is collecting welfare benefits she is not entitled to because she is not a citizen of the United States. In addition, Plaintiff alleged Judge Stacy awarded D.M. custody of Plaintiff's children despite her knowledge that D.M.,

among other things, is not a citizen and could be "deported at any time." (Filing No. 1 at CM/ECF p. 2.)

Plaintiff also sued Sam Cooper, Jessica Murphy, and Marsha C. He alleged Cooper and Murphy are county attorneys and Marsha C. is employed by the Nebraska Department of Health and Human Services. Together, these Defendants had Plaintiff's "driver's license suspended because of alleged delinquent child support." (*Id.* at CM/ECF p. 4.) Liberally construed, Plaintiff alleges these Defendants are violating his constitutional rights because there is no requirement that an "illegal citizen" receive child support. (*Id.*) Also, Plaintiff asserts it is a violation of his right to due process to suspend his license for such reasons prior to there being a final order issued in his custody case. (*Id.*)

As relief in this matter, Plaintiff asks that the State of Nebraska be forced to pay him monetary damages in the amount of $60,000.00. Plaintiff also seeks the following relief:

- the State of Nebraska be enjoined from forcing Plaintiff to pay D.M. child support;
- D.M. be required to repay the State of Nebraska for any benefits she has applied for;
- the State of Nebraska be ordered to discontinue its efforts to collect from minority men reimbursement for government benefits;
- Judge Stacy be disbarred;
- sole custody of Plaintiff's children be awarded to Plaintiff;
- the Nebraska Department of Motor Vehicles be enjoined from suspending a driver's license prior to the accused receiving a full hearing before a district court judge; and

- the State of Nebraska be temporarily enjoined from requiring only a father to sign a birth certificate.

(*Id.* at CM/ECF pp. 5-7.)

## II. STANDARD ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

3

### III.  DISCUSSION

A.  **Sovereign Immunity**

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity.  *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).  Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress.  *See*, *e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981).  Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 that seek equitable relief from state employee defendants acting in their official capacity.

Plaintiff seeks a total of $60,000.00 in monetary damages from the State of Nebraska.  (*See* Filing No. 1 at CM/ECF p. 7.)  The Eleventh Amendment bars claims for damages by private parties against a state.  Accordingly, Plaintiff's claims for monetary relief will be dismissed.

B.  **D.M.**

D.M. is the mother of Plaintiff's two children.  He alleged she is receiving government benefits, but is not entitled to them because she is not a citizen of the United States.  (Filing No. 1 at CM/ECF p. 2.)  Plaintiff's Complaint does not state any sort of claim for relief against D.M.  *See Parkhurst v. Tabor,* 569 F.3d 861, 866 (8th Cir. 2009).

4

### C. Judge Stacy

Plaintiff's claims against Judge Stacy are barred by judicial immunity. A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted).

Here, Plaintiff alleged Judge Stacy awarded custody of Plaintiff's children to D.M. Although Plaintiff alleged she acted with bias and prejudice against him, Plaintiff alleges no facts against Judge Stacy that would fall outside the scope of her duties in presiding over Plaintiff's child custody proceedings. Accordingly, she is immune from suit.

### D. Claims for Injunctive Relief

Plaintiff seeks an order enjoining the State of Nebraska from collecting child support from Plaintiff and suspending his driver's license. He also asks for an order awarding him sole custody of his children. (Filing No. 1 at CM/ECF pp. 5-7.) These claims for injunctive relief are subject to dismissal under the domestic relations exception to federal court jurisdiction. It is well-settled that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with

5

domestic relations issues. *See*, *e.g.*, Drewes v. Ilnicki, 863 F.2d 469, 471 (6th Cir. 1988).

Here, the substance of Plaintiff's claims concerns state law domestic relations matters. This is particularly so where it is clear from Plaintiff's allegations that his children's care and custody are the subject of ongoing state court proceedings. It would appear that the state courts would be better equipped to handle the issues that have arisen in the course of Plaintiff's interactions with D.M. and his obligation to pay her child support. *See* Overman v. U.S., 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

Further, even if the court did not lack jurisdiction based on the domestic relations exception, the court is without jurisdiction over Plaintiff's injunctive relief claims under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See* Aaron v. Target Corp., 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings are apparently ongoing. (*See* Filing No. 1 at CM/ECF p. 4 ("no final order has been issued in the custody case as I am appealing and engaged in civil litigation over the matter").) Second, disputes concerning the care and custody of

6

minors implicate important state interests. Third, there is no indication that the state courts could not afford Plaintiff the opportunity for judicial review of any civil rights challenges. Accordingly, all of Plaintiff's claims for injunctive relief are dismissed for lack of subject matter jurisdiction.

IT IS ORDERED that: Plaintiff's Complaint is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of February, 2015.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.